NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
DONALD RITGER,                      :
                                    :   Civil Action No.: 09-2688 (FLW)
            Plaintiff,              :
                                    :   **Opinion**
      v.                            :
                                    :
FRANK GATLIN and NAVIGANT           :
CONSULTING,                         :
                                    :
            Defendants.             :
_____ :

**WOLFSON**, **United States District Judge:**

Presently before the Court is Defendants Frank Gatlin's and Navigant Consulting's (collectively, "Gatlin's") motion for summary judgment. In their motion, Defendants rely upon the litigation privilege to defeat Plaintiff Donald Ritgers' ("Ritgers") cause of action based upon Gatlin's role as an expert in prior litigation before the New Jersey Superior Court. For the foregoing reasons, Defendants' motion for summary judgment is granted.

I.    FACTS AND PROCEDURAL HISTORY

In or about 2006 or 2007, Plaintiff Donald Ritger was sued in New Jersey Superior Court by Douglas and Andrea Forrester ("the Forresters"). Gatlin Afft., ¶ 3. In that suit, the Forresters retained Gatlin as an expert witness in support of defective workmanship and breach of contract claims against Ritger. Id. at ¶ 4. I will refer to this suit as the "Forrester Litigation." The Forrester Litigation was directed to mandatory arbitration, and Gatlin provided expert testimony and a report

1

in connection with the arbitration.  Id.  At the hearing, Ritgers disputed Gatlin's testimony and conclusions.  See Pl. Opp. Br. at 2.  But, ultimately, the arbitrator ruled in favor of the Forresters. Id.

Ritger then filed a *pro se* complaint against Gatlin in state court, in April of 2009, alleging that Gatlin "used unqualified employees to create a report alleging defects of work of Plaintiff," Compl., ¶ 1, and "knowingly wrote a false report for personal gain."  Compl., ¶ 3.  The complaint does not specify under which cause of action Ritgers proceeds.  Shortly after the complaint was filed, Gatlin removed the suit to this court on June 3, 2009.

II.     DISCUSSION

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law."  Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n. 1 (3d Cir.2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed.R.Civ.P. 56(c).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322.  Application of the litigation privilege, resulting in absolute immunity, is a question of law.  See Joseph Oat Holdings, Inc. v. RCM Digesters, Inc., 665 F.Supp.2d 448, 457 n.17 (D.N.J. 2009); Hawkins v. Hawkins, 141 N.J. 207, 216 (1995).

Gatlin argues here for application of the absolute litigation privilege to his testimony and report provided in connection with the Forrester Litigation.  Both federal and New Jersey state courts unequivocally recognize absolute immunity for trial witnesses.  See e.g., Hughes v. Long, 242 F.3d

2

121, 125 (3d Cir. 2001) ("Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony.") (citing Briscoe v. LaHue, 460 U.S. 325, 341, 345-46 (1983)); Hawkins, 141 N.J. at 214 ("A statement made in the course of judicial . . . proceedings is absolutely privileged and wholly immune from liability."). "The litigation privilege is not limited to statements made in a courtroom during a trial; it extends to all statements or communications in connection with the judicial proceeding." Hawkins, 141 N.J. at 216. In addition, under New Jersey law, witnesses are entitled to immunity from defamation actions and "a host of other tort-related claims." Loigman v. Twp. Comm. of Twp. of Middletown, 185 N.J. 566, 583 (2006).[1]

   Gatlin points to Middlesex Concrete Prods. & Excavating Corp. v. The Carteret Indus. Ass'n, et al., 68 N.J.Super. 85 (App. Div. 1961), as a case applying the privilege to expert testimony. In that case, the plaintiff, Middlesex Concrete Products & Excavating Corporation ("Middlesex Concrete") contracted with a local government body ("the Borough") to build a sewage treatment plant and other facilities. Id. at 87. The contract between Middlesex Concrete and the Borough provided that the Borough's engineer would certify periodic completion of the work, upon which certification Middlesex County would be paid. Id. at 88. There arose disputes between Middlesex Concrete and the engineer, which culminated in Middlesex Concrete bringing suit against the Borough and the

---

[1] In Loigman, the New Jersey Supreme Court affirmed that the litigation privilege applies to defamation actions and tort-related claims such as tortious inference, and held that it also applies to section 1983 claims. As noted, Ritger's complaint does not specify under what cause of action he proceeds. His allegations that Gatlin "used unqualified employees to create a report alleging defects of work of Plaintiff," and "knowingly wrote a false report for personal gain," Compl., ¶ 1, 3, appear to sound in both defamation and tortious interference with contract. That his complaint seeks $400,000 in damages—the amount he was purportedly due under his contract with the Forresters, see Pl. Opp. Br. at 2 (faulting Gatlin for "the $400,000 [he] lost due to [Gatlin's] lies")—support this reading of his *pro se* complaint. As Loigman makes clear, the litigation privilege applies to either or both such causes of action.

engineer.  Id.  In support of its defense, the Borough retained an engineering expert, Philip B. Streander, as a consultant.  Id. at 89.

After the trial concluded, Middlesex Concrete filed suit against Streander alleging tortious interference with its contractual rights.  In that complaint, Middlesex County alleged that he

> made computations of the amount of work done in a dishonest and improper manner designed to show that the borough engineer had over-certified quantities of work done, and, without proper investigation, made accusations against Middlesex and the engineer that the prices allowed by the engineer to Middlesex were fraudulent, collusive, excessive, and exorbitant.

Id.  The Appellate Division ruled in favor of Streander, applying the litigation privilege to his conduct.  According to that court, an expert's "investigation, report, consultations and testimony . . . given in the course of a judicial proceeding" are entitled to absolute immunity.  Id. at 92.

Middlesex Concrete was subsequently cited with approval by the New Jersey Supreme Court in Hawkins v. Harris, a case in which the Court set out its formulation of the litigation privilege.  See Hawkins, 141 N.J. at 219.  See also Loigman, 185 N.J. at 583  In Hawkins, the Supreme Court adopted California's four-part test for determining when the litigation privilege applies.  Under that test, the privilege applies to any communication:

> (1) made in judicial or quasi-judicial proceedings;
> (2) by litigants or other participants authorized by law;
> (3) to achieve the objects of the litigation; and
> (4) that have some connection or logical relation to the action.

Id. at 216.  The four-part test continues to be applied by the Supreme Court and Appellate Division courts in the state.  See e.g., Loigman, 185 N.J. at 585; Williams v. Kenney, 379 N.J. Super. 118, 134 (App. Div. 2005); Stephenson v. McWilliams, No. L-584-04, 2010 WL 668773 (N.J. Super. App. Div. Feb. 26, 2010).

Applying the Hawkins test here, it is clear that Gatlin is entitled to application of the privilege. Gatlin testified at the arbitration hearing in the Forrester Litigation, and provided an expert report in support of the Forresters' position. Gatlin's role as an expert was to opine on the quality of Ritger's workmanship on the Forresters' home. Hence, Gatlin's communications were made in a judicial proceeding as a participant authorized by law to achieve the objects of the Forresters' suit. These facts satisfy the first three elements of the Hawkins test. The last element—that the communications have some logical relation to the action—goes without saying; Gatlin's communications directly related to the Forresters' defective workmanship claim. Accord Commercial Ins. Co. of Newark v. Steiger, 395 N.J.Super. 109, 119 (App. Div. 2007) ("[the expert's] report opining that a 'phantom vehicle' was a contributing cause of the accident, was clearly 'pertinent and relevant to the litigation' and was prepared for trial . . . Therefore, [the expert] is immune from liability pursuant to the litigation privilege."); Middlesex Concrete, 68 N.J.Super. at 92. Cf. Hawkins, 141 N.J. at 220 (holding that private investigator hired by litigants was entitled to absolute immunity).

In his opposition papers, Ritger places import on the alleged falsity of Gatlin's testimony and report. As noted, his complaint alleges that Gatlin "knowingly wrote a false report for personal gain." Compl., ¶ 4. Ritger further describes Gatlin's testimony, in his opposition papers, as "outrageous and obviously incorrect."[2] See Pl. Opp. Br. at 2. But even false testimony is protected by the litigation privilege. See Kulwicki v. Dawson, 969 F.2d 1454, 1467 (3d Cir. 1992)

---

[2] The court recognizes that, at the summary judgment stage, Ritger is obligated to adduce evidence to support his allegations such as certifications or affidavits. However, in light of his status as a *pro se*, and that, even assuming he submitted such proof, the litigation privilege would nonetheless apply.

5

("Witnesses who testify falsely at trial are . . . protected." ).  Indeed, "[t]he trouble with privileges is that they are granted to good and bad alike."  Hawkins, 141 N.J. at 213.  And, Ritger has made no argument in his opposition as to why the privilege should not apply here.  Accordingly, the overwhelming legal authority mandates granting of Defendants' motion for summary judgment.

III.    CONCLUSION

    For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.


Dated: April 12, 2010                                              /s/ Freda L. Wolfson
                                                                    Freda L. Wolfson, U.S.D.J.